UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ANTHONY FOX,

               Petitioner,               NOT FOR PUBLICATION
                                                          **MEMORANDUM AND ORDER**
    -- against --                         06-CV-856(CBA)

SUPERINTENDENT THOMAS POOLE,

               Respondent.
--------------------------------------------------------x
AMON, United States District Judge.

      Before the Court is a petition by Anthony Fox for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court for two counts of First Degree Robbery and one count of Second Degree Robbery.

      Fox asserts that he is entitled to such relief because (1) the hearing court erred in not allowing him to call the complaining witness to testify at a pre-trial hearing; (2) he was denied effective assistance of trial counsel; (3) the evidence against him should have been suppressed; (4) the prosecution withheld materials it was obligated to provide to the defense; and (5) he was denied effective assistance of appellate counsel. On August 18, 2006, this Court referred Fox's petition to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R"). In a thorough R&R dated November 16, 2007, Magistrate Judge Bloom recommended that Fox's petition be denied. Fox has filed objections to Magistrate Judge Bloom's R&R. This Court has reviewed *de novo* the R&R and Fox's objections thereto and, for the reasons set forth in this Order, finds that his objections are not meritorious. The Court therefore adopts the R&R, as discussed below, and denies Fox's petition for a writ of habeas corpus.

1

Fox's objections essentially restate arguments already presented and fully addressed by the R&R. First, he again contends that the hearing court erred in not allowing a continuance of a pre-trial hearing so that he could call the complaining witnesses to testify. Fox claims that if he had the opportunity to call the witnesses, he could have demonstrated that the circumstances of the witnesses' identification were impermissibly suggestive and, therefore, should have been suppressed. In denying Fox's appeal on this issue, the Appellate Division noted that the right to call a complainant to testify at a Wade hearing is only triggered where the evidence raises substantial issues as to the constitutionality of the identification procedures. Both the state trial court and the Appellate Division found that no constitutional issues were implicated in the identification procedures used in this case. The Court concurs with Magistrate Judge Bloom's finding that the Appellate Division's decision was not an unreasonable application of clearly established federal law.

Fox again argues he was denied effective assistance of trial counsel due to counsel's failure to investigate the crime scene and for his failure to raise a Fourth Amendment challenge to Fox's arrest. The Court agrees with Magistrate Judge Bloom's finding that trial counsel's failure to visit the crime scene did not fall below an objective level of reasonableness. Photos were in evidence demonstrating the arresting officer's view; these photos could have been used to impeach his testimony. Moreover, Fox fails to demonstrate how counsel's failure to investigate the crime scene actually prejudiced him. Additionally, the Court finds that Fox's counsel was not ineffective for failing to raise a Fourth Amendment challenge. As described in the R&R, the arresting officers clearly had cause to stop the petitioner. (See Report and Recommendation at 12.) Therefore, the Court concurs with the findings of the R&R that, with

regard to this claim and others, Fox's trial counsel provided effective assistance as required by Strickland v. Washington, 466 U.S. 688 (1984).

Additionally, Fox restates his claim that the evidence against him was obtained by unlawful arrest in violation of the Fourth Amendment. He appears to misconstrue the R&R as recommending that his claim be dismissed for a failure to exhaust his state administrative proceedings. However, the R&R finds the claim meritless because federal habeas corpus relief is not available unless New York State denied Fox an opportunity for full and fair litigation of his claim. Stone v. Powell, 428 U.S. 465 (1976). Federal courts have approved of New York's procedure for litigating Fourth Amendment claims, and Fox has not demonstrated an "unconscionable breakdown" of that process as would be required for this court to reach the claim. See Shaw v. Scully, 654 F.Supp. 859, 864 (S.D.N.Y. 1987). Accordingly, this Court concurs with the finding of the R&R that Fox's Fourth Amendment claims, as stated, are precluded from consideration in this petition.

Finally, Fox reasserts his claim that the prosecution withheld material it was required to disclose in accordance with Brady v. Maryland, 373 U.S. 83 (1972). Fox argues that the government was obligated to provide the criminal record of one of the complaining witnesses, and failed to disclose that information. The Court agrees with the R&R's findings that New York Criminal Procedure Law only requires that prosecutors provide conviction records of witnesses, not general criminal records. As there was no conviction in the criminal charges previously brought against the complaining witness, the prosecution was not required to provide the record to the defense. The Court concurs with the R&R's conclusion that the State Court decision on this claim was not an unreasonable application of federal law.

The Court agrees with Magistrate Judge Bloom's treatment of Fox's arguments and finds his objections to be without merit.

## CONCLUSION

Upon consideration of all of the filings in this case, including the R&R and objections thereto filed by Fox, the Court hereby adopts the R&R dated November 16, 2007 as the opinion of the Court. Fox's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. The Clerk of the Court is instructed to enter judgment accordingly and to close the case. A certificate of appealability will not be issued because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(e)(2).

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2008

Carol Bagley Amon
United States District Judge